UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| SIXELA INVESTMENT GROUP | Civil Action No. 6:23-cv-00277 |
| versus | Judge S. Maurice Hicks, Jr. |
| HOPE FEDERAL CREDIT UNION, ET AL. | Magistrate Judge Carol B Whitehurst |

**REPORT AND RECOMMENDATION**

Before the undersigned, on referral from the district judge, is the Motion to Dismiss [Doc. 6] filed by defendant Hope Federal Credit Union ("Hope"). The plaintiff Sixela Investment Group LLC ("SIG") opposes the motion [Doc. 9], and the defendant filed a reply [Doc. 12]. For the following reasons, IT IS RECOMMENDED that the motion be GRANTED, but that the plaintiff be granted leave to amend its complaint.

**I.     FACTUAL BACKGROUND**

The instant lawsuit arises out of a business relationship between SIG, a minority-owned business, and Hope, a credit union. SIG approached Hope to inquire about the possibility of obtaining financing to build a grocery store and strip mall in New Iberia, Louisiana. Hope worked with SIG for nearly a year to assemble and prepare necessary documents for the loan request. As part of this process, SIG

1

obtained and submitted to Hope market analyses prepared by third parties. SIG alleges that the third parties that prepared these market analyses are leaders in the market for performing this type of analysis as it relates to projections involving grocery stores.

According to SIG, Hope initially accepted the market analyses SIG had obtained and based upon the foregoing, SIG believed it qualified for the loan it was seeking. SIG alleges that, at some point in the process, Kevin Coogan, a Hope loan officer and a non-minority, became involved and began to derail SIG's chances of getting the loan. According to SIG, Coogan requested an updated market analysis and selected co-defendant Communities Unlimited, Inc. ("Communities") as the company to prepare it. SIG alleges that Coogan asked Communities to provide "discretionary projections" with respect to SIG's loan application. SIG acknowledges that Hope loan officers had discretion to request "discretionary projections," but that in this instance, the projections that were prepared were unrelated to SIG's creditworthiness or the characteristics of the loan it was seeking. SIG alleges that Coogan requested these "discretionary projections" from Communities in order to "sabotage [SIG's] loan due to other relationships Coogan may have had with competitors in the market." SIG alleges that, thereafter, Communities shared incomplete projections with Hope, which breached a contract

between SIG and Communities and which "directly resulted in the denial of [SIG's] loan on July 14, 2022."

SIG filed suit against Hope on March 3, 2023, alleging violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691, *et seq.*, claiming that Hope's policies and practices constituted a pattern or practice of discrimination in the lending process. Hope filed the instant motion to dismiss on March 29, 2023, seeking dismissal of SIG's ECOA claim against it.

## II. LAW AND ANALYSIS

**A. Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormund v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949-50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id*. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 255-57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir. 2007), the claim must be dismissed.

**B.     Analysis**

The ECOA, 15 U.S.C. §1691 *et seq.*, was enacted, in relevant part, in order to "promote the availability of credit to all creditworthy applicants without regard to. . . the fact that all or part of the applicant's income derives from a public assistance program." *See* 12 C.F.R. §202.1.  The ECOA specifically makes it illegal "for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . because all or part of the applicant's income derives from any public assistance program." 15 U.S.C. §1691(a)(2).  *See, e.g., Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 700 (5th Cir. 2017).

To state a claim for relief under the ECOA, a plaintiff must plausibly show that it was discriminated against in violation of the statute. More specifically, the complaint must plausibly allege that (1) each plaintiff was an "applicant;" (2) the defendant was a "creditor;" and (3) the defendant discriminated against the plaintiff with respect to any aspect of a credit transaction on the basis of the plaintiff's membership in a protected class. *See* 15 U.S.C. §§ 1691(a), 1691a(b), 1691a(e), 1691e(a). *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 705–06 (5th Cir. 2017). *See also Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 538 (7th Cir. 2011) ("To state a claim under the ECOA, Mrs. Davis had to allege that she was an 'applicant' and that the defendants treated her less favorably because of her race.").

It is undisputed that SIG was an "applicant" under the ECOA and that Hope was a "creditor." Therefore, the issue before the Court is whether SIG has sufficiently alleged that Hope violated the ECOA by discriminating against it during the loan application process. Under the ECOA, discrimination based on race can be "demonstrated by either 'a showing of a significant discriminatory effect' or 'proof of discriminatory intent,' that is disparate impact or discriminatory treatment." *Jones v. Caliber Home Loans, Inc.* 2019 WL 3366104 (M.D. La. 2019), *citing L.F Homes and Dev., L.L.C. v. City of Gulfport, Miss.,* 538 Fed. Appx. 395, 400 (5th Cir. 2013). In order to make out a disparate treatment claim under the ECOA, a plaintiff must articulate facts which, if taken as true, would demonstrate that actions were taken

against him as a result of race. *Id.* at *5. "There can be no liability without a finding that the protected trait (*e.g.* race) motivated the challenged action." *Id.*

On the other hand, disparate impact claims involve "policies or practices which are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Id.* at *4, citing Raytheon Co. v. Hernandez,* 540 U.S. 44, 52, 124 S.Ct. 513, 519 (2003). In disparate impact cases, proof or finding of discriminatory motive is not required. The plaintiff must, however, "identify a 'specific test, requirement, or practice' that is responsible for the disparity." *Id.*

In the instant case, the plaintiff has alleged no facts supporting a claim for disparate-impact discrimination. Specifically, the plaintiff has failed to allege a particular test, requirement or practice employed by Hope which results in statistical disparities regarding a protected class.

With respect to disparate treatment discrimination, SIG makes general and conclusory allegations that Hope requested defective projections from Communities to sabotage SIG's loan request and that such policy constitutes a practice of discrimination based on race. SIG specifically alleges, however, that the motivation for Coogan to derail SIG's loan was "due to other relationships Coogan may have had with competitors in the market" – an action which appears to be neutral with

respect to a protected trait. Thus, the factual allegations, taken as true, do not establish that Hope discriminated against SIG based on race.

Because there can be no liability without a finding that the protected trait motivated the challenged action, the undersigned concludes that SIG fails to allege sufficient facts to state a claim against Hope under the ECOA and the motion should, therefore, be granted. The undersigned recommends, however, that SIG be granted leave to replead. *See, e.g., Stanissis v. Dyncorp Int'l LLC*, 2014 WL 7183942, at *1 (N.D. Tex. Dec. 17, 2014), citing *Shah v. Univ. of Tex. Sw. Med. Sch.,* 54 F.Supp.3d 681 (N.D.Tex. Oct.20, 2014) ("Because the court's usual practice when granting a motion to dismiss is to permit a plaintiff at least one opportunity to replead, the court will give [the plaintiff] an opportunity to amend his complaint."). *See also In re Am. Airlines, Inc., Privacy Litig.,* 370 F.Supp.2d 552, 567–68 (N.D.Tex.2005); *Reneker v. Offill,* 2010 WL 1541350, at *2, *7 (N.D.Tex. Apr.19, 2010)(after twice granting motions to dismiss, concluding that plaintiff's second amended complaint stated claim on which relief could be granted).

### III. CONCLUSION

Thus, for the foregoing reasons,

**IT IS RECOMMENDED** that the Motion to Dismiss [Doc. 6] filed by defendant Hope Federal Credit Union ("Hope") be GRANTED without prejudice to

the right of SIG to amend its Complaint to address the deficiencies noted in this report.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED this 29th day of June, 2023 at Lafayette Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE