UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**SIXELA INVESTMENT GROUP, LLC**        **CASE NO. 6:23-CV-00277**

**VERSUS**                              **JUDGE S. MAURICE HICKS, JR.**

**HOPE FEDERAL CREDIT UNION, ET AL**    **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## REPORT AND RECOMMENDATION

Before the Court is Defendant Communities Unlimited, Inc. ("Communities") Rule 12(b)(6) Motion for Judgment on the Pleadings[1]. (Rec. Doc. 29). Plaintiff, Sixela Investment Group, LLC ("SIG"), opposes the Motion (Rec. Doc. 36), and Communities replied (Rec. Doc. 41). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is RECOMMENDED that Communities' Rule 12(b)(6) Motion be DENIED.

---

[1] While Communities titled their motion as a Motion for Judgment on the Pleadings, they cite Rule 12(b)(6) as opposed to Rule 12(c). Accordingly, the Court will treat the motion as a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

**Factual Background**

SIG, a minority-owned business, filed the present action on March 3, 2023, against Co-Defendant Hope Federal Credit Union ("Hope") alleging violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691, *et seq.*, asserting that Hope's policies and practices constituted a pattern or practice of discrimination in the lending process after Hope denied SIG's request for a commercial loan to build a grocery store and strip mall in New Iberia, Louisiana. (Rec. Doc. 1). SIG also filed against Communities for breach of contract "as Hope's appointed consultant in [the] transaction." (*Id.*, ¶ 1).

On March 29, 2023, Hope filed a Motion to Dismiss. (Rec. Doc. 6). On July 19, 2023, the Court denied without prejudice Hope's Motion to Dismiss subject to SIG's right to amend its Complaint. (Rec. Doc. 18). On August 3, 2023, Communities filed an Answer to the original Complaint. (Rec. Doc. 21). On September 7, 2023, SIG filed an Amended Complaint (Rec. Doc. 25) alleging violations of both the ECOA and the Fair Housing Act ("FHA"), 23 U.S.C. § 3604, *et seq.*, against Hope and breach of contract against Communities. On October 6, 2023, Communities filed an Answer to the Amended Complaint (Rec. Doc. 30) and the Rule 12(b)(6) Motion (Rec. Doc. 29) presently before the Court.

According to the Amended Complaint, SIG met with an agent of Hope to discuss lending opportunities for the construction of a grocery store and strip mall

in a poverty-stricken area. (Rec. Doc. 25, ¶ 16). SIG worked with Hope for nearly a year to assemble and prepare necessary documents for the loan request. (*Id.*). As part of this process, SIG obtained and submitted to Hope market analyses prepared by third parties who, according to SIG, are "leading in the market for performing [these] type[s] of analyses as it relates to projection of grocery stores." (*Id.* at ¶ 17). SIG states that the application materials were presented, and they were told that the application "looked good for approval" by Hope's New Orleans branch. (*Id.* at ¶ 16).

According to SIG, Hope initially accepted the submitted market analyses, and, based on the foregoing, SIG believed it qualified for the loan it was seeking. (*Id.* at ¶ 17). SIG alleges that, at some point in the process, Kevin Coogan, a non-minority Hope loan officer, became involved and began to derail SIG's chances of securing the loan. (*Id.* at ¶ 4). Per SIG, Coogan requested an updated market analysis and selected Brian Wells with Communities to prepare it. (Rec. Doc. 25, ¶¶ 4 & 18). It is SIG's position that "Brian Wells began working at the direction of Hope's senior officials…to sabotage the projections in an effort to deny the loan to [SIG] and gave no alternatives of how to make the loan work." (*Id.* at ¶ 19).

SIG states that they contracted with Communities to provide discretionary projections, and "Communities' analysis was not conducted in a manner as others in their field and they provided erroneous information to Hope without permission thereby causing the loan to be denied." (*Id.* at ¶¶ 4 & 8). Specifically, SIG maintains

3

that Communities "gave projections without any sound analysis, did not complete it and communicated to Hope without permission [] incomplete projections." (*Id.* at ¶ 18). SIG further alleges that "at no time did SIG give permission to [Communities] or any of its representatives to discuss incomplete projections with Hope. This was a breach of their contract which also directly resulted in the denial of their loan on July 14, 2022." (*Id.* at ¶ 20).

SIG maintains that Hope denied their loan request, in part, because Communities provided erroneous and incomplete projections. (*Id.*; *see also* Doc. 36, p. 3). SIG contends that due to "…Communities' breach of contract, SIG has suffered economic losses and demands $8,000,000.00." (Rec. Doc. 25, ¶ 30).

## Applicable Law

### I. Law applicable to Rule 12(b)(6)

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir. 2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid*

4

*Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from

conceivable to plausible, [his] complaint must be dismissed." *Bell Atlantic v. Twombly*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap*, 541 F.3d 584, 587 (5th Cir. 2008). With these precepts in mind, the Court considers SIG's Amended Complaint.

### II. <u>Alleged Breach of Contract</u>

SIG alleges Communities breached their contract resulting in the denial of their loan. As an initial matter, the Court notes that in a diversity case, federal courts must apply state substantive law to the claim at hand. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007). Under Louisiana law, "a breach-of-contract claim has three 'essential' elements: (1) the obligor's undertaking an

6

obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee.'" *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018)(citing *Favrot v. Favrot*, 68 So.3d 1099, 1108–09 (La. App. 4 Cir. 2011)). Communities does not contest that SIG pleaded sufficient facts, if taken as true, to establish that there was a contract and a breach thereof; rather, the crux of Communities' Motion is that SIG failed to "allege any factual support for its claim that Communities['] alleged breach was the direct cause of the denial of the loan." (Rec. Doc. 29-1, p. 5).

Specifically, Communities maintains that SIG merely made conclusory allegations that Communities' breach resulted in the denial of their loan. (*Id.*). Communities also notes that the majority of SIG's Amended Complaint focuses on Hope's alleged pattern or practice of discrimination in the lending process and contends that said allegations contradict SIG's assertion that it was Communities' breach of contract that resulted in the denial of their loan. (*Id.*). Per Communities, if SIG's allegations are taken as true, "the decision by Hope to deny [SIG's] loan application was (1) made by Hope prior to Communities' involvement, and (2) that the timing and/or completeness of Communities' disclosure of its discretionary projections to Hope were entirely irrelevant to Hope's decision to deny [SIG's] loan application." (*Id.* at p. 11).

7

The Court disagrees with Communities and finds that causation was sufficiently alleged by SIG in its Amended Complaint. SIG contracted with Communities to provide fair and complete projections. According to the Amended Complaint, this did not occur, and SIG's loan was denied, at least in part, as a result. Even if Hope was going to deny the loan from the onset due to their alleged discriminatory practices, they needed Communities' projections to support the decision. Indeed, this is why SIG alleges that Communities was "forced upon" them by Hope to "sabotage the projections in an effort to deny the loan…". (Rec. Doc. 25, ¶¶ 5 & 19). Theoretically, and taking all of the facts in the Amended Complaint as true, if Communities had not breached its contract with SIG, Hope would have needed other legitimate reasoning to cite for denying SIG's loan. The Court finds that SIG has alleged enough facts to state a breach of contract claim. Accordingly, Communities' Rule 12(b)(6) Motion is denied.

## Conclusion

For the reasons discussed herein, it is recommended that Communities' Rule 12(b)(6) Motion (Rec. Doc. 29) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 10th day of January, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

9