UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**SIXELA INVESTMENT GROUP**            **CASE NO. 6:23-CV-00277**

**VERSUS**                             **JUDGE S. MAURICE HICKS, JR.**

**HOPE FEDERAL CREDIT UNION**          **MAGISTRATE JUDGE CAROL B.**
**ET AL**                              **WHITEHURST**

## MEMORANDUM ORDER

Before the Court is Defendant Communities Unlimited, Inc.'s ("Communities") Motion for Contempt and Sanctions. (Rec. Doc. 169). Plaintiff, Sixela Investment Group ("Sixela") filed an Amended Answer in lieu of an objection. (Rec. Doc. 183). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the Motion is DENIED as to Sixela's Affirmative Defenses and DENIED as moot as to Sixela's Answers to Communities' First Supplemental Counterclaim.

### Facts and Procedural History

Pertinent to the present matter, Sixela filed this action on March 3, 2023, against Co-Defendant Hope Federal Credit Union ("Hope") and Communities. (Rec. Doc. 1). On August 3, 2023, Communities filed an Answer to the original Complaint. (Rec. Doc. 21). On September 7, 2023, Sixela filed an Amended Complaint against Hope and Communities. (Rec. Doc. 25). On October 6, 2023,

Communities filed an Answer and Affirmative Defenses to the Amended Complaint (Rec. Doc. 30). On October 27, 2023, Communities filed a Supplemental and Amended Answer and Affirmative Defenses with Supplemental Counterclaim to Plaintiff's Amended Complaint. (Rec. Doc. 37). On November 13, 2023, Sixela filed an Answer and Affirmative Defenses to Communities' Counterclaim. (Rec. Doc. 42). On August 16, 2024, Sixela's current counsel enrolled after prior counsel was granted leave to withdraw. (Rec. Docs. 66, 67, & 69).

On September 16, 2024, Communities filed a Motion for Leave to File Second Supplemental and Amended Answer and Affirmative Defenses with First Supplemental Counterclaim to Plaintiff's Amended Complaint. (Rec. Doc. 77). Though the Motion was deemed opposed, and prior to the Court's ruling on the Motion, on October 29, 2024, Sixela filed an Answer to Communities' proposed Second Supplemental and Amended Answer and Affirmative Defenses with First Supplemental Counterclaim. (Rec. Docs. 98 & 77-9). Accordingly, on November 6, 2024, the Court granted Communities' Motion (Rec. Doc. 101) and the Second Supplemental and Amended Answer and Affirmative Defenses with First Supplemental Counterclaim to Sixela's Amended Complaint was filed into the record. (Rec. Doc. 102).

On November 12, 2024, Communities filed a Motion to Strike Nonresponsive Pleadings and for Consideration of Sanctions (Rec. Doc. 103) requesting the Court

to strike Sixela's Answer to their Second and Supplemental Amended Answer and Affirmative Defenses with First Supplemental Counterclaim and the exhibits attached thereto (Rec. Doc. 98). After briefing and argument, on November 27, 2024, the Court granted Communities' request to strike Sixela's Answer to Communities' Second and Supplemental Amended Answer and Affirmative Defenses with First Supplemental Counterclaim (Rec. Doc. 98) and the exhibits attached thereto and ordered Sixela to file an amended pleading within 10 days. (Rec. Doc. 111). The Court denied the request for sanctions subject to the right to re-urge. (*Id.*).

On December 4, 2024, Sixela filed an Amended Answer to Communities' Second and Supplemental Amended Answer and Affirmative Defenses with First Supplemental Counterclaim. (Rec. Doc. 112). After several requests for extensions to amend the Amended Answer (Rec. Docs. 115, 117, & 119), on January 23, 2025, Sixela filed another Amended Answer to Communities' Second and Supplemental Amended Answer and Affirmative Defenses with First Supplemental Counterclaim. (Rec. Doc. 123). On February 25, 2025, Communities filed a Motion for Sanctions and/or Reurging of Consideration of Sanctions contending that Sixela's amended pleading[1] still "has repeatedly failed to respond to the substance of allegations; has

---

[1] Communities refers to Rec. Doc. 118 as the amended pleading; however, Rec. Doc. 118 was the proposed amended pleading while Rec. Doc. 123 is the actual pleading of record.

asserted blanket denials where at least some of the allegations should have been admitted; has asserted factual allegations that are void of evidentiary support (and in certain cases directly contradicted by evidence); has denied factual allegations in spite of evidence supporting admission (including prior admissions by [Sixela] in discovery responses and even the sworn deposition testimony of [Sixela]'s members); and has asserted unsupported and/or inapplicable defenses." (Rec. Doc. 130, p. 5).

Following briefing, oral argument, and after discovering that Communities attached the incorrect exhibits to their pleading, on March 20, 2025, the Court denied Communities' Motion and ordered them to refile their Second Supplemental and Amended Answer and Affirmative Defenses with First Supplemental Counterclaim to Plaintiff's Amended Complaint (Rec. Doc. 102), or an amended version, with the correct exhibits attached within 5 days. (Rec. Doc. 159). On March 25, 2025, Communities filed their corrected version of the Second Supplemental and Amended Answer and Affirmative Defenses with First Supplemental Counterclaim, (Rec. Doc. 162), and, on April 2, 2025, Sixela filed the Amended Answer to Communities' Second Supplemental and Amended Answer and Affirmative Defenses with First Supplemental Counterclaim. (Rec. Doc. 167). On April 22, 2025, Communities filed the Motion for Contempt and Sanctions presently before the Court contending that Sixela's pleading again fails to comply with Fed. R. Civ. P. 8 and Fed. R. Civ.

P. 11. (Rec. Doc. 169). After argument and discussion on May 1, 2025, on May 2, 2025, Sixela filed an Amended Answer to Defendant Communities Unlimited, Inc's Second Supplemental and Amended Answer and Affirmative Defenses with First Supplemental Counterclaim. (Rec. Doc. 183).

## Law and Analysis

### I. Admissions and Denials

Communities maintains that Sixela's Answers (Rec. Doc. 167) to Paragraphs 4, 5, 11, 12, 13, 14, and 31 of their First Supplemental Counterclaim are deficient. (Rec. Doc. 169). However, on May 2, 2025, Sixela filed an Amended Answer to Defendant Communities Unlimited, Inc's Second Supplemental and Amended Answer and Affirmative Defenses with First Supplemental Counterclaim. (Rec. Doc. 183). Accordingly, Communities' Motion as to Sixela's Answers to Communities' First Supplemental Counterclaim is DENIED as moot, and the Court will order Communities to file any challenges to Sixela's new Answer by May 12, 2025.

### II. Affirmative Defenses

Communities maintains that Sixela's Second, Third, Fourth, and Fifth Affirmative Defenses are deficient. Affirmative defenses are pleadings governed by Rule 8 of the Federal Rules of Civil Procedure. A party is required to "state in short and plain terms its defenses to each claim asserted against it" and "affirmatively state

any avoidance or affirmative defense." Fed. R. Civ. P. 8(b)(1)(A); 8(c)(1). In *Woodfield v. Bowman*, 193 F.3d 354 (5th Cir. 1999), the Fifth Circuit held that affirmative defenses are subject to the same pleading requirements as a complaint and articulated a fair notice standard for pleading affirmative defenses. *Id*. at 362. Under this standard, a party is required to plead an affirmative defense "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Id*. "The 'fair notice' pleading requirement is met if the defendant 'sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise.'" *Id*. (citations omitted).

Communities moves to strike Sixela's affirmative defenses. Federal Rule of Civil Procedure 12(f) authorizes the Court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. "[M]otions to strike are viewed with disfavor and infrequently granted." *Ross v. Dejarnetti*, 514 F. Supp. 3d 845, 850 (E.D. La. 2021)(citing *Augustus v. Board of Public Instruction of Escambia, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). "[D]istrict courts enjoy considerable discretion in ruling on a motion to strike." *Spoon v. Bayou Bridge Pipeline, LLC,* 335 F.R.D. 468, 470 (M.D. La. 2020). The court in *Spoon* further explained:

> Typically, it is clear on the face of the pleadings whether the challenged matter should be stricken under Rule 12(f). "Redundant" matter consists of allegations that constitute "a needless repetition of other averments in the pleadings." "Immaterial" matter is that which "has no

essential or important relationship to the claim for relief or the defenses being pleaded," such as superfluous historical allegations, "or a statement of unnecessary particulars in connection with and descriptive of that which is material." "Impertinent" matter overlaps with "immaterial" matter and "consists of statements that do not pertain, and are not necessary, to the issues in question." Finally, "scandalous" matters improperly casts a derogatory light on someone, most typically on a party to the action, but "it is not enough that the matter offends the sensibilities of the objecting party" or the person who is the subject of the statements in the pleading, "if the challenged allegations describe acts or events that are relevant to the action." Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party.
*Id*. at 470-71 (citations omitted).

Ultimately, the standard for striking is high:

Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

*Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.,* 306 F.2d 862, 868 (5th Cir. 1962) (cleaned up), quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

The complained of Affirmative Defenses raise duress, misrepresentation, breach of contract, and unclean hands. (Rec. Doc. 167, pp. 7-10). The Court finds that Sixela's Affirmative Defenses provide Communities, in "short and plain terms," Fed. R. Civ. P. 8(b)(1), "with enough specificity or factual particularity to give [Communities] 'fair notice' of the defense that is being advanced." *Woodfield*, 193

F.3d at 362. The Court also does not find these Affirmative Defenses to be insufficient or redundant, immaterial, impertinent, or scandalous to warrant striking under Rule 12(f). Accordingly, Communities' Motion is DENIED as to Sixela's Affirmative Defenses.

## Conclusion

For the reasons discussed herein, Communities' Motion for Contempt and Sanctions (Rec. Doc. 169) is DENIED as to Sixela's Affirmative Defenses and DENIED as moot as to Sixela's Answers to Communities' First Supplemental Counterclaim. Communities shall file any challenges to Sixela's new Answer (Rec. Doc. 183) by **May 12, 2025**.

THUS DONE in Chambers, Lafayette, Louisiana on this 8th day of May, 2025.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE