UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SIXELA INVESTMENT GROUP            CIVIL ACTION NO. 23-0277

VERSUS                             JUDGE S. MAURICE HICKS, JR.

HOPE FEDERAL CREDIT UNION,         MAGISTRATE JUDGE WHITEHURST
ET AL.

**MEMORANDUM RULING**

Before the Court is Counter-Plaintiff Communities Unlimited Inc.'s ("CU") Motion to Strike and Motion to Enter a Default Judgment against Counter-Defendant Sixela Investment Group ("SIG"). See Record Document 235. SIG opposed. See Record Document 239. CU replied. See Record Document 240. For the reasons set for below, CU's Motion to Strike and Motion to Enter a Default Judgment (Record Document 235) are **GRANTED**.

**BACKGROUND**

A full recitation of the pertinent facts for the instant case can be found in this Court's previous Memorandum Rulings. See Record Documents 201 & 203. On June 5, 2025, the Court held a telephone status conference with counsel. See Record Document 210. The Court set the pretrial order deadline for June 9, 2025 at 5:00 p.m. See id. SIG failed to submit a timely pretrial order. On June 9, 2025, SIG filed a motion for a two-day extension to submit its pretrial order, which was subsequently denied. See Record Documents 213 & 223. In its denial, the Court ordered SIG to submit is pretrial order by 12:00 p.m. on June 10, 2025. See Record Document 223. The Court warned that failure to comply with this deadline could result in sanctions. See id. Again, SIG failed to comply

with a Court-ordered deadline. SIG did not file its pretrial order until June 13, 2025. See Record Document 231. As a result of SIG's noncompliance and untimely filings, CU filed the instant Motions.

## LAW AND ANALYSIS

**I. Legal Standards.**

Under Federal Rule 16(f), a court may issue sanctions upon a motion or on its own, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or an attorney:

> (A) fails to appear at a scheduling or other pretrial conference;
>
> (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
>
> (C) fails to obey a scheduling or other pretrial order.

FED. R. CIV. P. 16(f)(1). Those orders permitted under the referenced Rule 37 include:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Hill v. New Orleans City, No. 13-2463, 2016 WL 4180809, at *3–4 (E.D. La. Aug. 8, 2016) (quoting FED. R. CIV. P. 37(b)(2)(A)(ii)-(vii)). The Fifth Circuit has held that this list is not exhaustive because "'Rule 16(f) gives the trial court wide authority to impose effective sanctions[.]'" Id. at *4 (quoting John v. State of La., 899 F. 2d 1441, 1448 (5th Cir. 1990)).

2

"Rule 16(f) serves the purpose of 'encourage[ing] forceful judicial management' throughout litigation and 'improv[ing] the quality of the trial through more thorough preparation[.]'" Id. Therefore, "'prejudice resulting from a party's noncompliance with the rules need not be shown[.]'" Id. If a court chooses to impose a more extreme sanction, such as dismissing the case, "there are typically one or more…'aggravating factors' present." Id.

**II. Summary of the Arguments.**

CU asserts that SIG's June 13 pretrial order is untimely and in direct violation of the Court's orders. See Record Document 235-1 at 7. CU submits that since SIG failed to comply with these orders, even after two warnings, sanctions are appropriate. See id. CU advances that SIG's numerous extensions and delays throughout this litigation have caused harm and prejudiced its due process rights. See id. CU contends that its requested relief is just and fair for the following reasons:

> Given the rampant abuse of process exhibited by SIG throughout this case, SIG's complete defiance of virtually every deadline placed upon them by procedural rule or by order of the Court, SIG's rejection of multiple opportunities to correct multiple deficiencies, and the unabated practice of presenting false statements of law and/or fact to the Court, including [its pretrial order]….

See id. at 9–10.

SIG opposes, submitting that the Court should dismiss CU's Motion, reschedule the pending trial, and proceed with a new scheduling order. See Record Document 239 at 1. Around mid-April 2025, SIG explains that it signed a contract with a third-party consultant to assist with preparing for trial. See id. On or about May 6, 2025, SIG claims

3

it received an invoice from this third-party, which contained some discrepancies. See id. As a result, SIG disputed the invoice amount prior to the pretrial order deadline. See id. Due to these discrepancies and the unpaid invoice, the third-party paused services until payment was made in full. See id.

SIG asserts that without the assistance of the consultant, it was unable to meet the pretrial deadlines. See id. at 1–2. Due to the immediate deadlines, SIG avers it was unable to obtain other resources for assistance in gathering and preparing the items necessary to meet these deadlines. See id. at 2. Additionally, in light of SIG's current counsel, Carolyn Deal's ("Ms. Deal"), desire to withdraw, SIG may be searching for new counsel to proceed to trial. See id.

CU replies, asserting that SIG has not provided any legitimate reason for its failure to comply with the Court's Orders; rather, CU provides that SIG cites a payment dispute with a contracted attorney, who is not its lead counsel, as the sole reason for its lack of compliance. See Record Document 240 at 1. CU submits that SIG's attached exhibits in its pro se motion for mistrial indicate that its lead counsel requested, but did not receive, assistance from SIG in preparing the pretrial order. See id. at 1–2. CU advances that the members of SIG persistently refused to communicate with their lead counsel. See id. at 2. CU submits that this refusal to assist and communicate is inexcusable and justifies the Court granting harsh sanctions against SIG. See id.

Additionally, CU avers that the evidence voluntarily provided by SIG in its pro se motion demonstrates that SIG provided material misrepresentations of fact to its attorney with the knowledge and expectation that said misrepresentations would be included in

4

legal filings. See id. CU advances that the unnecessary increase in its litigation costs under false pretense cannot be qualified as anything other than a violation of its right to due process and further demands the granting of harsh sanctions. See id. at 2–3.

Moreover, CU argues that SIG's opposition appears to be more of a response to the pro se motion for mistrial than an attempt to rebut any of the law or argument presented by CU. See id. at 3. Nevertheless, CU asserts that "SIG cannot claim to be surprised by the fact that negative repercussions resulted from [its] refusal to pay [its] legal bills." See id. at 4. Additionally, CU contends that neither SIG's opposition nor its pro se motion for mistrial address the substantive issues raised in CU's Motion. See id. Given the lack of any compelling argument presented by SIG, CU submits its Motion should be granted. See id.

CU also addressed SIG's motion for mistrial in its reply. See id. CU avers that the filing of this pro se motion is an act of bad faith because SIG knew it was improper to file such motion. See id. at 5. CU explains that the particular member of SIG who filed the motion for mistrial has experience in prior court proceedings with issues arising from the desire to file pro se pleadings in spite of being represented by counsel. See id. Furthermore, CU argues that SIG's attorney acknowledges in certain exhibits that there is no valid defense against the instant Motion and identifies additional bad faith actions by SIG. See id. "It is CU's position that any further leniency offered by the Court will be wasted upon SIG and will only further deprive CU of [its] due process rights." See id. at 6.

### III. Analysis.

It is well-established that the Court warned SIG that failure to submit pretrial filings in a timely manner could result in the imposition of sanctions. Despite these numerous warnings, SIG failed to comply with numerous court-ordered deadlines throughout this litigation. The Court finds that striking SIG's untimely pretrial filings and entering a default judgment against SIG on the issue of liability are the appropriate sanctions because "there is a 'clear record of delay or contumacious conduct.'" Voyles v. Superior Staffing, LLC, No. 18-01410, 2023 WL 6320295, at *5 (W.D. La. Sept. 27, 2023). Furthermore, there are certain aggravating factors that support an entry of default. From the evidence presented, SIG appears to be more responsible for the delays than its lead counsel. See id. The members of SIG were uncooperative, did not consistently communicate with counsel, and failed to put forth accurate or truthful information. SIG's actions have caused actual prejudice to CU by forcing it to incur fees and costs associated with this litigation. See id. Moreover, counsel for both CU and SIG speculate that SIG's actions were done intentionally and in bad faith. See id.

SIG has failed to "responsibly participate in this litigation." Id. It has failed to comply with Court orders and submit sufficient, essential evidence supporting its arguments. See id. The Court finds that SIG's delays were committed willfully and in bad faith. SIG attached numerous pages of exhibits to both of its deficient motions for mistrial, which demonstrate its lack of communication with its counsel. See Record Documents 237-1 & 242-2. Furthermore, the Court points out that SIG cannot properly file any pro se motion; rather, it must file all motions through duly enrolled counsel. SIG's pattern of disregard for this Court's procedure is evident from the notice of deficiency and order striking both of

6

SIG's motions for mistrial. See Record Documents 238 & 244. SIG has not provided any reasonable or sufficient explanation for its untimely filings. The fact that the consultant was not assisting with certain pretrial filings is irrelevant, as a consultant does not have the same responsibilities as lead counsel. SIG has failed to provide an adequate explanation for its repeated failures throughout this litigation. The Court made it clear to SIG and its counsel the importance of submitting timely and accurate information.

After reviewing the record, it is obvious that SIG's current counsel, Ms. Deal, made appropriate and timely requests to the members of SIG; however, they either refused to or failed to provide adequate and timely information. Therefore, the Court will not impose sanctions against Ms. Deal. However, because of SIG's failure to adhere to the Court's scheduling order, submit timely and accurate pretrial filings, and legal bad faith, the Court should impose the appropriate sanctions against SIG under Rules 16 and 37. A lesser sanction would not serve the interest of justice in this case because SIG has a "clear history of delay and contumacious conduct." See Smith v. Dasuya Enters., No. 17-17895, 2020 WL 3254528, at *1 (E.D. La. June 16, 2020). Pursuant to Rule 16(f)(1) and Rule 37(b)(2)(A)(ii), SIG's untimely pretrial order (Record Document 231) and untimely witness list (Record Document 232) are stricken from the record. Additionally, pursuant to Rule 16(f)(1) and Rule 37(b)(2)(A)(vi), the Court will enter a default judgment against SIG, the disobedient party, on the issue of liability. SIG is liable to CU on CU's counterclaim in an amount to be determined by the Court, including attorney's fees and costs.

**CONCLUSION**

For the reasons stated above,

**IT IS ORDERED** that CU's Motion to Strike and Motion to Enter a Default Judgment against SIG (Record Document 235) are **GRANTED**. SIG's untimely pretrial order (Record Document 231) and untimely witness list (Record Document 232) are stricken from the record. The Court will enter a separate default judgment against SIG.

An Order and Default Judgment consistent with this Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 11th day of July, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE